Statement of the Case.

LOUISVILLE, NEW ORLEANS & TEXAS RAILROAD COMPANY
v. J. H. BREWER.

**Railroads — Killing Stock — Evidence.**

    Where an animal on a railroad track becoming frightened at an approaching train leaves the track, as the train slows up, and gets back on the track after the train has resumed its speed and is run over and killed, held that a verdict in favor of the owner will not be disturbed for want of evidence to support it. But where frightened animals run into a trestle ahead of a moving train and the engineer stops the train fifty yards before reaching the trestle, held that this state of facts will not support a verdict in favor of the owner.[1]

    This suit was brought by J. H. Brewer against the Louisville, New Orleans & Texas Railroad Company for the killing and injuring of certain live stock belonging to the plaintiff.

    While the testimony is conflicting on some points, that which seems to have been accepted by the jury is in substance as follows: The engineer on the north-bound pay car discovered a mule colt and two mares on the railroad track on an embankment south of a trestle; his train was going about thirty miles an hour; he immediately sounded the stock alarm and applied the brakes

---

[1]

    This section has no application to a case where a horse, being off the track, left a safe path through fright and falls or jumps into a ditch. The injury is not inflicted in such case by the running of the cars. Lowe v. A. & V. R. R. Co., 81 Miss. 9.

    . When an animal is killed, if the injury is caused by the animal in its fright running into a trestle, § 1059, Code of 1880, has no application. Railroad Co. v. Weathersby, 63 Miss. 581.

    Where an engineer sees a frightened horse running before his train on the track toward a trestle, he must stop the train, if possible, in order to avoid injury to the animal from self-infliction or from actual collision, and the company is liable for such injury, if by due care on his part it could have been prevented. Railroad Co. v. Newman, 64 Miss. 115; Tyler v. Railroad Co., 61 Miss. 445; Railroad Co. v. Holt, 62 Miss. 170; Railroad Co. v. Thornton, 65 Miss. 256.

    In an action for stock killed by a running train, proof of the injury and the value of the animals makes out a *prima facie* case of negligence, under § 1059, Code of 1880, § 1808, Code of 1892, and it is then incumbent on the company to relieve itself of liability by showing circumstances of excuse. Railroad Co. v. Doggett, 67 Miss. 250.

and either came to a full stop or almost to a stop; the animals ran ahead of the train up the track for some distance but before reaching the trestle got off the track; the engineer then started up again, when the colt got back on the track, became badly frightened and ran into the trestle, got caught, was run over by the train and killed.

About dark the same evening a work train going north came to the same point; the head-light was burning brightly, and the engineer discovered the two mares on the track on the same embankment south of the trestle; he sounded the stock alarm and applied the brakes, the animals became frightened and ran up the track and into the trestle and were caught there; the train came to a standstill about fifty yards south of the trestle; the crew alighted and went to the trestle and disengaged the animals, pulled them out of the trestle and left them by the side of the track badly injured by their fall in the trestle.

The dead colt and injured mares were found by Brewer near the track, and he brought suit, claiming $75 for the loss of the colt, and $35 each for the injuries to the mares, a total of $145. On the trial in the Circuit Court the jury rendered a verdict for the plaintiff for $125, and the defendant appealed.

APPEALED from Circuit Court, De Soto county, A. T. ROANE, Judge.

Reversed and remanded, January 10, 1886.

*Attorneys for appellant, Percy, Yerger & Percy.*

*Attorneys for appellee, Powell & Buchanan.*

Brief of Percy, Yerger & Percy.

Whilst it is not so stated in terms in the bill of exceptions, yet it appears, with sufficient certainty, that the injuries to stock for which judgment was given were the result of two different occurrences on the same day.

The action was brought for the killing of a mule colt and certain bruises and injuries inflicted upon two mares. * * *

The verdict ought to have been set aside because:

First. The presumption of negligence as to the colt was clearly rebutted. * * * We submit that the case is fully within the doctrine announced in Packwood's Case, 59 Miss. 280. * * *

When animals are on the track, it can only get rid of them by blowing its whistle and adopting the precautions usual for that purpose. If in their fright, they ran against a tree, stumble over a stone, or jump into a trestle, instead of off the track, is the company responsible? Must there not be evidence of willful recklessness or malicious or mischievous conduct to make the company liable, where the injury to the animal results otherwise than from actual contact with the train? We submit to the court that such is the weight of authority. 11 Pa. St. 176, cited in 13 Am. & Eng. R. Cases, 567 and notes; 13 Am. & Eng. R. Cases, 519; 15 Am. & Eng. R. Cases, 523 and notes; 107 Ill. 577; 8 Barbour, 428; 44 Mo. 292; 10 Ind. 409; 46 Ind. 229; 55 Ind. 575; 60 Ind. 107.

Nor is the contrary idea supported by sound reason. Sounding the alarm is for the very purpose of frightening the animal. It is not only in danger itself, but endangers the train and obstructs commerce. It can only be removed by arousing its fears. If the alarm was properly given, and all proper care and effort were to avoid injuring, then the company is relieved of liability, even though the animal be killed by the train's passing over it.

To say that this is true, but that, nevertheless, under precisely similar circumstances, the company is liable, if the animal is so badly frightened as to jump into some dangerous place and kill or hurt itself, is, we submit, to use the mildest term, unsound. Such doctrine would impose upon the company the necessity of knowing just how much and how little to frighten animals, etc.

Brief of Powell & Buchanan:

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

If it be true that the animals were chased by the train for 300 yards south of the trestle and the train never stopped or checked up to allow them to escape, the engineer well knowing that there was a trestle in front, and understanding that the animals in their fright might run into it and be injured, then this would be a very strong circumstance going to show a want of reasonable care.

\*   \*   \*

Section 1059 of Code of 1880 provides that where satisfactory proof has been made of injury to person or property by the run-

ning of the locomotives of a railroad company it shall be *prima facie* evidence of negligence on the part of a Railroad Company. In Packwood's Case, 59 Miss. 280, commenting on this statute, the court say: " This of course throws on the company when sued and when such evidence has been adduced the burden of rebutting this presumption, and of establishing by evidence that there has been no negligence on the part of its employees." * * *

When a question has been fairly submitted to the jury, and it is not apparent that they were misled by instructions, the Supreme Court will not disturb their verdict which is warranted by the evidence and which the Circuit Court has approved by overruling a motion for a new trial. Bowen *v.* Henshaw, 56 Miss. 619 and 622.

It is urged by appellant that the verdict of the jury in regard to the two mares was wrong, first, because they say the testimony of our own witness Sam Sampson rebuts all presumption of negligence. We cannot so regard the proof. * * *

The proof shows that there was ample time and opportunity for the train to have stopped and so have allowed the animals to escape in safety from the track. * * *

It will be remembered that the testimony of the three witnesses, Howard, Brewer, and Hopkins, shows that from the tracks of these animals down the railroad they must have been running at great speed. If this was true, and (Sam Sampson also says it was) and the locomotive stopped only fifty feet from the mares, it shows that very slight effort had been made to check the car. All of these facts the jury had the right to consider and by their verdict found that the appellant had not exercised reasonable care and their verdict will not be disturbed unless it is manifestly wrong. * * *

The case cited in the brief for appellant from 11 Pa. St. 176, is not analogous to the one at bar, because of an essential difference between the sections 1166 and 1167 of the Code of Pennsylvania and section 1059 of our Code of 1880. The latter statute broadens the common-law rule which was not affected by the former and the latter virtually establishes the rule of law that railroad companies are liable for consequential damages where injuries occur from the running of their trains unless the presumption of negligence is rebutted by the proof. * * *

A new trial will not be granted because an irrelevant charge was

given if the jury were fully instructed on the points involved in the issue and it appears they could not have been misled by the charge.   Holden *v.* Bloxum, 35 Miss. 381.

Nor will a new trial be granted if upon a view of the whole case justice appears to have been done though the instructions given by the lower court were erroneous.   See 45 Miss. 189; 46 Miss. 346; 53 Miss. 201.

The court did not err in the modifications of charges of appellants, "Because this court will not disturb the verdict of a jury if it can be supported by any fair view of the testimony which they may have taken and had a right to take although a particular instruction which embodies a correct abstract principle may be refused if looking at all the instructions given the jury were furnished with such full and sufficient guides as to the law as to enable them to apply it to all the facts in evidence.   See Garrard *v.* Stoll, 50 Miss. 148; O'Leary *v.* Burns, 53 Miss. 171; Rothschild *v.* Hatch, 54 Miss. 554.

OPINION.— CAMPBELL, J., delivered the opinion of the court:

We will not disturb the verdict for killing the mule colt, as there is evidence to maintain it, but the verdict is manifestly wrong as to the injury to the two mares.   The testimony of the plaintiff's witness Sam Sampson, the only witness who gives a minute account of the injury to the mares, shows that the employees of the Railroad Company used all reasonable care and diligence to avoid injury to the mares, and that they, in their fright, ran into the trestle instead of turning aside before reaching it.   He shows that the mares were on the track three or four hundred yards from the trestle, and that the alarm was given, brakes applied, and the train stopped as soon as could be, and at least fifty feet distant from the trestle.

*Judgment reversed, new trial awarded, and cause remanded.*